UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MEGHAN MULKERIN,

        *Plaintiff*,

  v.

LONNIE G. BUNCH III, Secretary,
Smithsonian Institution,

        *Defendant*.

Civil Action No. 1:19-cv-03850 (CJN)

## MEMORANDUM OPINION

Meghan Mulkerin worked as a web-content writer at the Smithsonian Institution for approximately four months. *See generally* Compl., ECF No. 1. She claims that her former employer violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). *See generally* Compl. The Smithsonian moves to dismiss for failure to timely serve the Complaint and for failure to state a claim. *See generally* Def.'s Mem. in Supp. of Mot. to Dismiss Pl.'s Compl. ("Def's Mot."), ECF No. 12-1. The Court grants the Motion for reasons that follow.

### I.  Background

In April 2016, the Smithsonian National Zoo's Office of Communications hired Mulkerin as a "Web Content Writer" to assist with the launch of the Zoo's new website. Compl. ¶¶ 1, 3, 13. When she interviewed for the job, Mulkerin informed her future supervisors (Amy Enchelmeyer and Pamela Baker-Masson) that she had an eight-month-old baby and would require breaks to pump breastmilk throughout the workday. *Id.* ¶¶ 11, 19. Once Mulkerin accepted the offer of employment, Enchelmeyer and Baker-Masson permitted Mulkerin to take four half-hour pumping

1

sessions per day.  *Id.* ¶ 18, 19.  Her request to telework from home on Wednesdays was also granted, *id.* ¶ 33, making Mulkerin the only full-time employee in the Office of Communications permitted to telework on a regular basis, *id.* ¶ 34; Report of Investigation ("ROI"), ECF No. 12-1, Ex. A at 327.[1]

A few months later, Mulkerin sought a scheduling accommodation to take her nephew to and from summer camp.  Compl. ¶ 35.  Enchelmeyer denied the request because "she could not accommodate any of [Mulkerin's proposed accommodations]."  *Id.* ¶ 36.  Mulkerin then called the Smithsonian ombudsperson for assistance with obtaining a scheduling accommodation.  *Id.* ¶ 37.  The next day, Mulkerin emailed Enchelmeyer to state that she would leave at 4:00 p.m. in the afternoon to pick up her nephew.  *Id.* ¶ 38.  Mulkerin alleges that, over the course of the next month, her supervisors assigned her "more work than could reasonably be completed."  *Id.* ¶ 40.  A termination letter, Mulkerin claims, followed close behind the additional workload.  *Id.* ¶ 41.

Mulkerin filed a complaint with the EEOC, which issued a right to sue letter on October 1, 2019.  *Id.* ¶¶ 2, 5.  She initiated this suit on December 30, 2019.  *See generally id.*  On April 1, 2020, the Court ordered Mulkerin to demonstrate why she had not effected service of process on Defendant David Skorton.[2]  *See generally* Order to Show Cause, ECF No. 3.  Mulkerin responded by seeking an extension for the deadline to effect service of process.  *See generally* Resp. to Court Order, ECF No. 4.  The Court granted her request and required Mulkerin to effect service of

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider, in addition "to the facts alleged in the complaint, documents either attached to, or incorporated into the complaint by reference, as well as matters of which it may take judicial notice."  *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625 (D.C. Cir. 1997); *see Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) ("[W]here a document is referred to in the complaint and is central to the plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citations and internal quotations omitted)).

[2] Secretary David Skorton has since been replaced by Secretary Lonnie G. Bunch III.  The case caption has been updated to reflect the change.

process by May 18, 2020.  Min Order of Apr. 16, 2020.  The Smithsonian now moves to dismiss for failure to timely serve and failure to state a claim.  *See generally* Def's Mot.

## II.  Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Court accepts as true all well-pleaded facts in the complaint, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do."  *Id.* at 554–55.  The claim to relief must be "plausible on its face," enough to "nudge [the] claims across the line from conceivable to plausible."  *Id.* at 570.  When evaluating the plausibility of a claim, the Court need not ignore an "obvious alternative explanation," *id.* at 567, for the alleged injury: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

## III.  Analysis

### A.  Defendant's Motion to Dismiss for Failure to State a Claim[3]

#### 1.  Discrimination Claim

Section 703(a)(1) of Title VII makes it an "unlawful employment practice" to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

---

[3] The Court declines to resolve the Smithsonian's argument that Mulkerin failed to effectuate service by the Court-ordered deadline because it resolves on Civil Rule 12(b)(6) grounds the Smithsonian's motion to dismiss in its favor. *Foster v. Fleming*, No. 17-13687, 2019 WL 693282, at *1 (E.D. Mich. Jan. 28, 2019) ("[B]ecause this complaint is dismissible with prejudice under Rule 12(b)(6), it is not necessary to address the service of process issue."); *Nicks v.*

employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).[4] To state a *prima facie* claim for unlawful discrimination, a plaintiff must show that (1) she falls within a protected category, (2) she suffered an adverse employment action, (3) and the unfavorable action gives rise to an inference of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006). While "the burden of showing a *prima facie* case at the pleading stage is not onerous," *Easaw v. Newport*, 253 F. Supp. 3d 22, 26 (D.D.C. 2017) (internal quotation omitted), a plaintiff must state a "plausible" claim to relief, *Twombly*, 550 U.S. at 570, and allege sufficient facts to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)).

Mulkerin alleges that she suffered an adverse employment action because her supervisors denied her the opportunity to pump breastmilk during work hours despite awareness of Mulkerin's need to do so. Compl. ¶ 44. But the facts alleged in Mulkerin's complaint demonstrate that the opposite occurred. According to Mulkerin, she informed her female supervisors during the

---

*Brewer*, No. 10-CV-1220-JAR-JPO, 2011 WL 42882, at *2 (D. Kan. Jan. 6, 2011) ("Because the Court dismisses plaintiff's claims against this defendant for failure to state a claim under Rule 12(b)(6), it need not address his insufficient service claims."); *Serna v. Webster*, No. CV 17-20 JB/WPL, 2017 WL 3207840, at *19 (D.N.M. May 4, 2017) ("Because I agree with Calvert that Serna's claims against him should be dismissed pursuant to Rule 12(b)(6), it is not necessary to address the service and summons issues under Rules 12(b)(4) and (b)(5)."); *Delisfort v. U.S. Bank Tr.*, N.A., No. CV 16-60730-CIV, 2017 WL 1337620, at *1 (S.D. Fla. Feb. 7, 2017) ("Because the Court finds that the Plaintiffs' claims must be dismissed under Rule 12(b)(6), the Court need not address the insufficient service argument.").

[4] In 1978, Congress overruled the Supreme Court's decision in *General Electric Co. v. Gilbert*, 429 U.S. 125 (1976), with the passage of the Pregnancy Discrimination Act of 1978. *See Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 670 (1983). The Pregnancy Discrimination Act amended Title VII of the Civil Rights Act of 1964 "to prohibit sex discrimination on the basis of pregnancy." *Id.* (quotation omitted); *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 207 (2015) ("The Pregnancy Discrimination Act makes clear that Title VII's prohibition against sex discrimination applies to discrimination based on pregnancy."). Title VII's requirements to make out a *prima facie* case of unlawful discrimination likewise apply to a claim of discrimination on the basis of pregnancy. *See Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 966 (5th Cir. 2016) ("A claim brought under the [Pregnancy Discrimination Act] is analyzed like any other Title VII discrimination claim."); *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019).

interview process that she would "require pumping breaks throughout the workday." *Id.* ¶ 11. Her supervisors extended an offer "knowing her pumping needs." *Id.* ¶ 12. On most workdays, Mulkerin pumped four times daily, "with each pumping session lasting 20-30 minutes." *Id.* ¶ 18. Mulkerin's supervisors even permitted her to excuse herself from meetings to pump. *Id.* ¶ 25. On one day in June, Mulkerin emailed Enchelmeyer informing her that she had trouble producing an adequate volume of milk. *Id.* ¶ 20. Enchelmeyer stated in response that: "I'm sorry ☹. Take all the time you need to pump." *Id.*; *see Mahanoy Area Sch. Dist. v. B. L. by & through Levy*, 141 S. Ct. 2038, 2043 (2021) ("The [email] contained [a frowny] face emoji."). The Complaint is devoid of any allegation that Mulkerin's supervisors limited her ability to take pumping breaks. *See* Pl.'s Opp'n to Def.'s Mot. to Dimiss Pl.'s Compl., ECF No. 13 at 6 (conceding that Mulkerin "was permitted to pump breast milk during work hours"). Rather, Mulkerin alleges that her female supervisors consistently granted her requests to take pumping breaks, and that they never interfered with those breaks. As Mulkerin has failed to allege even a single instance when her supervisors denied her the opportunity to pump breastmilk, this claim cannot survive the motion to dismiss.

Mulkerin attempts to resuscitate her claim by arguing that her supervisors perceived her work as lacking because of bias toward mothers, and that they took adverse action against her based on that bias. *See id.* But again the Complaint is devoid of any allegation establishing direct or indirect discrimination, including a comparator from which an inference of discrimination could be drawn. *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999).[5]

---

[5] This Court pauses to note that in an employment discrimination case where the plaintiff challenges her termination and "the person who made the decision to fire [the plaintiff] was the same person who made the decision to hire," it becomes "difficult to impute to that person an invidious motivation that would be inconsistent with the decision to hire." *Vatel v. Alliance of Auto. Mfrs.*, 627 F.3d 1245, 1247 (D.C. Cir. 2011) (quotation omitted). This so-called "same actor inference" cuts against inferring discriminatory motives on the part of Enchelmeyer or Baker-Masson given that they both played a role in hiring and firing Mulkerin. *Johnson v. Perez*, 66 F. Supp. 3d 30, 38 (D.D.C. 2014), *aff'd*, No. 15-5034, 2015 WL 5210265 (D.C. Cir. July 1, 2015).

At bottom, Mulkerin has failed to state a *prima facie* claim for unlawful discrimination under Title VII because she failed to allege facts giving rise to an inference that any adverse action taken against her was the result of unlawful discrimination.

### 2. Retaliation Claim

A Title VII provision separate from the discrimination provision provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e–3(a). In order to establish a *prima facie* case of retaliation under that provision, a plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal link connects the two. *Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003). To engage in protected activity, the employee must either participate in a Title VII proceeding or oppose an employer's discriminatory action. *See Wang v. Washington Metro. Area Transit Auth.*, 206 F. Supp. 3d 46, 77 (D.D.C. 2016) ("The 'participation clause,' on the other hand, protects an employee's actions in relation to 'official' or 'legal' Title VII proceedings."); *see id.* at 76 ("The 'opposition clause' protects a broad range of informal actions or statements that employees make in resistance to actions they reasonably perceive to be discriminatory."); *Khatri v. Bd. of Trustees of Univ. of D.C.*, No. CV 19-2644 (RBW), 2021 WL 2403087, at *5 (D.D.C. June 11, 2021). To suffer an adverse action under the retaliation provision, the action need not be employment-related, but it must be an action that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). To establish the requisite causal connection, the plaintiff must show "that the employer had knowledge of the employee's protected activity," *Dave v. Lanier*, 606 F. Supp. 2d 45, 51

(D.D.C. 2009), or that temporal proximity gives rise to a causal inference, *Na'im v. Clinton*, 626 F. Supp. 2d 63, 78 (D.D.C. 2009).  Although a plaintiff need not "plead each element of her prima facie case" to overcome Civil Rule 12(b)(6)'s low hurdle, *Menoken v. McGettigan*, 273 F. Supp. 3d 188, 200 (D.D.C. 2017) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002)), the plaintiff still shoulders the burden of establishing a *prima facie* case.  *See Johnson v. Mao*, 174 F. Supp. 3d 500, 512 (D.D.C. 2016).

Mulkerin fails to allege sufficient facts to show that she engaged in protected activity. Mulkerin asserts that she engaged in such activity "when she contacted the ombudsperson . . . to request assistance in arranging her schedule to support her family childcare needs."  Compl. ¶ 49. But Mulkerin does not allege that she discussed discrimination, pumping, or anything related to her motherhood or pumping needs during this call.  Instead, the Complaint alleges that she called the ombudsperson to seek assistance with obtaining a schedule change to pick-up and drop-off her nephew from summer camp.  *Id.* ¶ 35.  Without opposing some form of discrimination or unlawful practice during the phone conversation with the ombudsperson or participating in a Title VII proceeding, Mulkerin did not engage in protected activity.  *Clemmons v. Acad. for Educ. Dev.*, 107 F. Supp. 3d 100, 132 (D.D.C. 2015); *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772–73 (D.C. Cir. 2013).  In other words, Mulkerin has not alleged "that the complained of incidents resulted from [her protected status as a mother or her need to pump,] and [she] also failed to reference protected characteristics" during the phone call.  *Wesolowski v. Napolitano*, 2 F. Supp. 3d 1318, 1342 (S.D. Ga. 2014).

Even if Mulkerin's phone call with the ombudsperson constituted protected activity, she has failed to allege a causal connection between the phone call and her termination. As an initial matter, Mulkerin fails to allege that her supervisors knew about her contact with the

ombudsperson. *See generally*, Compl.; *Dave v. Lanier*, 606 F. Supp. 2d at 51. Nor can Mulkerin establish causality based on temporal proximity because that path also requires knowledge on behalf of the employer, which Mulkerin fails to allege. *Keys v. Donovan*, 37 F. Supp. 3d 368, 372 (D.D.C. 2014); *Francis v. D.C.*, 731 F. Supp. 2d 56, 77 (D.D.C. 2010) ("Hence, the Court looks to whether temporal proximity, in combination with the employer's knowledge, is sufficient to support an inference of a causation.").

All in all, Mulkerin fails to establish that she engaged in a protected activity or that a causal link connects any protected activity to her eventual termination. *Taylor*, 350 F.3d at 1292.

## IV.   Conclusion

For the foregoing reasons, the Smithsonian's Motion to Dismiss is **GRANTED**. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE:  August 25, 2021

CARL J. NICHOLS
United States District Judge